UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    1:20 CR 622 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| BRYAN WOLFE, | ) |  |
|  | ) | <u>MEMORANDUM OPINION</u> |
|  | ) | <u>AND ORDER</u> |
| Defendant. | ) |  |

This matter comes before the Court upon Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (ECF #75).  The Government filed a Response opposing the Petition. (ECF #84).  The Petitioner seeks to vacate his sentence on one count of being in possession of a firearm having previously been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g), and three counts of sending interstate threatening communications in violation of 18 U.S.C. 875(c).   On August 26, 2021, Defendant pled guilty to these offenses before a Magistrate, pursuant to a written plea agreement.  On December 16, 2021, the Court adopted the Magistrate's Report and Recommendation accepting the guilty plea, and Mr. Wolfe was sentenced to 46 months imprisonment, to be followed by three years of supervised release. (ECF #36, 37).  He appealed the judgment, and the Sixth Circuit Court of Appeals affirmed the judgment.  Mr. Wolfe now asserts claims of ineffective assistance of counsel and prosecutorial misconduct.

**Legal Standard**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stand fairly and finally convicted." *Id.* at 164. Thus, to prevail on a §2255 motion, the Petitioner must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

**Analysis**

A. <u>Prosecutorial Misconduct</u>

Mr. Wolfe's prosecutorial misconduct claims are procedurally defaulted. Generally,

claims not raised before the district court or on appeal may not be raised on collateral review. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003). Mr. Wolfe did not raise his prosecutorial misconduct arguments during the trial court proceedings or on direct appeal. These claims also fail on the merits. In this case, the prosecutor did not commit misconduct by filing a Superceding Indictment. The Superceding Indictment was not deficient. Mr. Wolfe pled guilty to the same charges that were presented in the Superceding Indictment. Further, the prosecutors did not commit misconduct in connection with the Court's decision to vary from the Sentencing Guidelines when pronouncing Mr. Wolfe's sentence. Mr. Wolfe litigated this issue on direct appeal and the Court of Appeals upheld the sentence. He has presented no grounds that would justify his attempt to relitigate this issue.

B. <u>Ineffective Assistance of Counsel</u>

Mr. Wolfe also raises six claims of ineffective assistance of trial counsel. None of these claims were raised on direct appeal, despite his having new counsel for his appeal. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at

3

689. "The Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable or constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Further, attorneys have no duty to pursue frivolous arguments. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011).

Mr. Wolfe cannot support his claim of ineffective assistance of trial counsel. His counsel provided objectively reasonable assistance at the plea and sentencing hearings. She counseled Mr. Wolfe, made objections to the pre-sentence report on his behalf, and filed a comprehensive sentencing memorandum reiterating his objections and arguments for a lower sentence, as well as providing affirmative statements of support for Mr. Wolfe. Mr. Wolfe expressed his satisfaction with counsel in his signed plea advisement. At the plea hearing, he again affirmed under oath that he was completely satisfied with his counsel's performance. His allegation that counsel failed to investigate his ex-wife does not support an ineffective assistance claims because there is no evidence that his ex-wife could have provided any evidence that would establish he did not commit the crimes he pled guilty to, or that any information she provided would have prevented Mr. Wolfe from pleading guilty in this case. The plea hearing affirmed that Mr. Wolfe sufficiently discussed the charges with trial counsel, and that he knowingly and voluntarily pled guilty with full assistance of counsel. He also admitted his conduct during allocution, as well as recognizing the effect it had on his victims. Therefore, there is no reason to believe that, but for the alleged deficiency of his attorney, Mr. Wolfe would not have pled guilty. There is no evidence that could support a finding that counsel's performance fell below the objective standard of reasonableness, or that any alleged deficiencies would have altered Mr. Wolfe's decision to plead guilty.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the

petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Wolfe has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #75) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: August 27, 2024